Antonio Rogerio ALVARADO,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70197.

INS No. A71–948–066.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001 *.

Decided July 13, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY, HAWKINS and RONALD M. GOULD, Circuit Judges.

### MEMORANDUM **

■ Alvarado was not denied due process by the Board of Immigration Appeals ("BIA"). The BIA can adopt or cross-reference the immigration judge's ("IJ") decision, provided it is clear that it gave individualized consideration to the case. *Alaelua v. INS*, 45 F.3d 1379, 1382

(9th Cir.1995). The BIA's opinion, which includes facts not specifically mentioned by the IJ and discusses petitioner's testimony at the immigration hearing, clearly shows the BIA undertook an independent review of the record. Alvarado thus cannot overcome the presumption that the BIA reviews "all relevant materials in the record," and cannot establish a due process violation. *Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000).

■ Although Alvarado notes that neither the IJ nor the BIA discuss his credibility, neither bases its decision on Alvarado's credibility. Rather, the BIA determined that the facts described by Alvarado did not rise to the level of past persecution, and that Alvarado had not established a well-founded fear of future persecution. Moreover, there is substantial evidence to support both findings. The incidents described by Alvarado (none of which involved him personally) do not establish past persecution on account of one of the enumerated statutory grounds. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Even assuming Alvarado has a genuine subjective fear of persecution, he did not establish an objectively reasonable fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995).

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.